UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRUCE PATRICK HANEY,

    Plaintiff,

v.

DR. R. LIM-JAVATE,

    Defendant.

Case No. 17-CV-05629 LHK (PR)

**ORDER OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS UNWARRANTED**

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. On January 17, 2018, the court screened the complaint, and dismissed it in part with leave to amend. In the order, the court found that plaintiff stated a cognizable claim that defendant Dr. R. Lim-Javate violated plaintiff's right to equal protection. Plaintiff's claim of deliberate indifference to plaintiff's medical needs was deficient and dismissed with leave to amend. Plaintiff's remaining claims concerning the responses to his administrative grievances were dismissed without leave to amend. The court informed plaintiff that if he did not file an amended complaint by February 16, 2018, the court would find that further leave to amend plaintiff's claim of deliberate indifference to medical needs would be futile, and this action would

proceed solely on the equal protection claim.

That date has passed, and plaintiff has not filed an amended complaint. Therefore, the court finds that further leave to amend plaintiff's claim of deliberate indifference to medical needs would be futile. This case will proceed solely on the equal protection claim.

## CONCLUSION

1. The Clerk of the Court shall mail to the defendant, Dr. R. Lim-Javate, a complete set of the following documents: a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto, and a copy of this order. Defendant is located at Salinas Valley State Prison. The Clerk shall send a courtesy copy of the complaint and this order upon the Attorney General's Office. Additionally, the Clerk shall mail a copy of this order to plaintiff.

2. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendant, after being notified of this action and asked by the court, on behalf of plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause be shown for his failure to sign and return the waiver form. If service is waived, defendant will be required to serve and file an answer within sixty (60) days from the date on which the request for waiver was sent to them. Defendant is asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendant has been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3. No later than **sixty (60) days** from the date the waivers are sent from the court, defendant shall file **one comprehensive motion for summary judgment or other dispositive**

**motion** with respect to the cognizable claim in the complaint. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). **<u>Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.</u>**

4. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendant no later than **twenty-eight (28) days** from the date defendant's motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

5. Defendant <u>shall</u> file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

6. All communications by plaintiff with the court must be served on defendant, or defendant's counsel, by mailing a true copy of the document to defendant or defendant's counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

8. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of

Case No. 17-CV-05629 LHK (PR)
ORDER OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS UNWARRANTED
3

Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED: 3/7/2018

*Lucy H. Koh*
LUCY H. KOH
UNITED STATES DISTRICT JUDGE